

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00020-CV

**DAVID A. BAUER, LARRY W. JACKSON,**
**AND BAUER JACKSON, LTD,**

                                          **Appellants**

**v.**

**CITY OF WACO,**

                                          **Appellee**

### From the 74th District Court
### McLennan County, Texas
### Trial Court No. 2011-4140-3

## ORDER OF REFERRAL TO MEDIATION

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073 (West 2011). The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes … and the early settlement of pending litigation through voluntary settlement procedures." *Id*. § 154.002. Mediation is a form of ADR. Mediation is a mandatory but non-binding settlement conference,

conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that this appeal is appropriate for mediation. *See id.* § 154.021(a); 10TH TEX. APP. (WACO) LOC. R. 9.

The parties are ordered to confer and attempt to agree upon a mediator. Within fourteen days after the date of this Order, R. John Cullar is ordered to file a notice with the Clerk of this Court which either identifies the agreed-upon mediator or states that the parties are unable to agree upon a mediator. If the notice states that the parties are unable to agree upon a mediator, this Court will assign a mediator.

Mediation must occur within thirty days after the date the above-referenced notice agreeing to a mediator is filed or, if no mediator is agreed upon, within thirty days after the date of the order assigning a mediator.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.

We refer this appeal to mediation.


PER CURIAM


Before Chief Justice Gray,
    Justice Davis, and
    Judge Neill[1]
Order issued and filed January 30, 2019



---

[1] The Honorable Judge John E. Neill, Judge of the 18th District Court, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 74.003(a) (West 2013).